CAUSE NO. **C-1315-19-B**

| | | |
|---|---|---|
| MARIO'S BANQUET CONFERENCE CENTER | § § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY and SCOTT SCHWARZLOSE | § § § § § § | _____ JUDICIAL DISTRICT |
| Defendants. | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, MARIO'S BANQUET CONFERENCE CENTER, files this Original Petition against Defendants, WESTCHESTER SURPLUS LINES INSURANCE COMPANY ("WESTCHESTER") and SCOTT SCHWARZLOSE ("Adjuster" or "SCHWARZLOSE"), and for causes of action would respectfully show the Court the following:

### I. DISCOVERY LEVEL

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

### II. VENUE

Venue is appropriate in HIDALGO County, Texas because all or part of the conduct giving rise to the causes of action were committed in HIDALGO County, Texas and Plaintiff and property which is the subject of this suit are located in HIDALGO County, Texas.

Case 7:19-cv-00139 Document 1-3 Filed on 04/25/19 in TXSD Page 2 of 20

Electronically Filed
3/21/2019 6:02 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1315-19-B

### III. PARTIES

The property is located HIDALGO County, Texas.

Defendant WESTCHESTER is in the business of insurance in the State of Texas. The insurance business done by WESTCHESTER in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with Plaintiff;

- The taking or receiving of application for insurance, including Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY, is a foreign surplus lines insurance company regularly engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. Westchester regularly and systematically conducts the business of insurance in the State of Texas but does not maintain an agent for service. Accordingly, they may be served with process by serving Texas Commissioner of Insurance, 333 Guadalupe, Austin, Texas 78701, via certified mail, return receipt requested, who can forward process to David Lupica, Chief Operating Officer, 11575 Great Oaks Way, Suite 200, Alpharetta, GA 30022.

Defendant, SCOTT SCHWARZLOSE, is an Adjuster and he may be cited with process by **Certified Mail, Return Receipt Requested** at 17304 Preston Rd., Suite 740, Dallas, Texas 75252. The Adjuster engages in the business of insurance in Texas.

2

Case 7:19-cv-00139 Document 1-3 Filed on 04/25/19 in TXSD Page 3 of 20

Electronically Filed
3/21/2019 6:02 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1315-19-B

### IV. NATURE OF THE CASE; RELIEF SOUGHT

This is a first-party insurance case stemming from extensive damage to Plaintiff's property from a wind/hail event on or about June 20, 2018. Plaintiff seeks damages for breach of contract, violations of the Texas Insurance Code, and common law bad faith. Plaintiff also seeks their attorney's fees, compensatory damages, enhanced damages, costs of court and pre- and post-judgment interest. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.

### V. BACKGROUND FACTS

Plaintiff owns the insured property located at 1716 E. Griffin Parkway, Mission, Texas 78572. The property is covered by a policy of insurance, numbered FSF13716742 001. The Policy covered Plaintiff's property against loss by hail, wind and water damage, among other perils.

As a consequence of the wind and hail, Plaintiff's property sustained extensive damage on or about June 20, 2018.

Plaintiff gave timely notice to the Insurance Defendant.

The Insurance Defendant assigned the claim to the adjusters to investigate, report on and adjust the loss.

Plaintiff provided information to the adjusters and opportunities for the adjusters to inspect the property.

The Insurance Defendant has failed and refused to pay Plaintiff in accordance with its promises under the Policy and have wrongfully denied Plaintiff's claim.

Plaintiff has suffered property damage which has not been paid, even though the amounts are well-established and have been provided to the Insurance Defendant and the adjusters.

Case 7:19-cv-00139 Document 1-3 Filed on 04/25/19 in TXSD Page 4 of 20

Electronically Filed
3/21/2019 8:02 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1315-19-B

## VI. CLAIMS AGAINST WESTCHESTER SURPLUS LINES INSURANCE COMPANY

**Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provide coverage for the cost to repair the damaged property and personal property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against Insurance Defendant.

**Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of Insurance Defendant and its agents constitute a breach and/or anticipatory breach of Insurance Defendant's contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, Plaintiff brings an action for breach of contract against Insurance Defendant pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seeks all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, the Insurance Defendant was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the Insurance Defendant and their agents constitute one or more violations of the Texas Insurance Code. More specifically, Insurance Defendant has, among other violations, violated the following provisions of the Code:

1. Insurance Code chapter 542, the Prompt Payment Act.

2. Insurance Code chapter 541, section 541.060 by, among other things:

   - failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims with respect to which their liability has become reasonably clear;

   - refusing to pay Plaintiff's claims without conducting a reasonable investigation.

Case 7:19-cv-00139 Document 1-3 Filed on 04/25/19 in TXSD Page 5 of 20

Electronically Filed
3/21/2019 8:02 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1315-19-B

Where statements were made by Insurance Defendant, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code. Insurance Defendant has also violated the Prompt Payment Act, and Plaintiff seeks damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

"**Common Law Bad Faith.**" Plaintiff re-alleges the foregoing paragraphs. Insurance Defendant has refused to pay or delayed in paying a claim after liability has become reasonably clear. Insurance Defendant has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith."

Moreover, Insurance Defendant has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Plaintiff is entitled to extra-contractual damages, including exemplary damages. Plaintiff has sustained serious damage to their property as a result of Insurance Defendant's refusal to honor the Policy. Insurance Defendant is well aware that its actions involve an extreme risk that Plaintiff will suffer financial damage as a result of its refusal to honor its obligations, yet it is consciously indifferent to Plaintiff's rights. Plaintiff is entitled to recover its actual damages, consequential damages, punitive damages, and pre- and post-judgment interest.

Case 7:19-cv-00139 Document 1-3 Filed on 04/25/19 in TXSD Page 6 of 20

Electronically Filed
3/21/2019 6:02 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1315-19-B

### VII. CLAIMS AGAINST ADJUSTER SCOTT SCHWARZLOSE

Upon information and belief, Defendant Westchester does not maintain any adjusters in the State of Texas. Therefore, they relied exclusively on the inspection and recommendations of Defendant Schwarzlose to make their coverage and payment decisions. In other words, Schwarzlose was the eyes and ears of Defendant Westchester. Defendant Schwarzlose was hired to meet with Plaintiff, inspect the loss, make coverage recommendations and prepare an estimate of the covered damages. Defendant Schwarzlose did not spend a sufficient amount of time at Plaintiff's property to conduct a proper investigation. Instead, he conducted an inadequate and results oriented investigation. Defendant Schwarzlose ignored obvious damage that was covered under the policy and instead looked for policy provisions to deny portions of the damage. Defendant Westchester followed Defendant Schwarzlose's recommendations which led to the dramatic underpayment of the claim. Defendant Schwarzlose's conduct is the basis of Plaintiff's allegations against the Defendants for violating the Texas Insurance Code.

The Adjuster violated the Texas Insurance Code § 541.060 in the following manner:

1. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims with respect to which their liability has become reasonably clear; and

2. Refusing to pay Plaintiff's claims without conducting a reasonable investigation.

The Adjuster's conduct was "knowingly" under the Insurance Code. Therefore, Plaintiff is entitled to treble damages.

### VIII. CONDITIONS PRECEDENT

All conditions precedent for Plaintiff to recover under the Policy has been or will be met.

### IX. JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this action.

### X. REQUEST FOR DISCLOSURE

Case 7:19-cv-00139 Document 1-3 Filed on 04/25/19 in TXSD Page 7 of 20

Electronically Filed
3/21/2019 6:02 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1315-19-B

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants provide the information required in a Request for Disclosure.

### XI. REQUESTS FOR PRODUCTION TO INSURANCE DEFENDANT

Produce the complete claim file for Plaintiff's property relating to or arising out of the loss made the basis of this suit.

Produce the complete underwriting file for Plaintiff's property which is the subject of this suit.

Produce all emails, notes, and other forms of communication between Defendant, its agents, adjusters, employees, or representatives relating to, mentioning, concerning or evidencing Plaintiff's property which is the subject of this suit.

Produce the application for insurance and any notes, logs, statements or inspections created or produced during the application process of the Policy at issue in this suit.

### XII. REQUEST FOR PRODUCTION TO SCOTT SCHWARZLOSE

Produce SCHWARZLOSE's complete claim or adjusting file for Plaintiff's property relating to or arising out of any damage which occurred.

Produce all emails, notes, and other forms of communication between WESTCHESTER, its agents, Adjusters, employees, or representatives and SCHWARZLOSE, and/or their agents, Adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

### XIII. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A.    The Court's declaration that the Policy provides coverage for the damage to the property, less only a deductible;

Case 7:19-cv-00139 Document 1-3 Filed on 04/25/19 in TXSD Page 8 of 20

Electronically Filed
3/21/2019 8:02 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1315-19-B

B.  Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C.  Damages against Insurance Defendant for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses, enhanced damages and costs of court;

D.  Damages against Insurance Defendant and Adjuster, jointly and severally, for violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

E.  Damages against the Insurance Defendant and Adjuster, jointly and severally, for common law breach of the duty of good faith and fair dealing, including actual damages, consequential damages, punitive damages and pre- and post-judgment interest;

F.  Damages for violations of the Prompt Payment Act; and

G.  Plaintiff also seeks all other financial relief and rulings to which they may be legally or equitably entitled.

Respectfully submitted,

*/s/ Matthew R. Pearson*

MATTHEW R. PEARSON
State Bar No. 00788173
mpearson@gplawfirm.com
JONATHAN C. LISENBY
State Bar No. 24072889
jlisenby@gplawfirm.com
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile: (210) 472-1110

**ATTORNEYS FOR PLAINTIFF**

Electronically Filed
4/22/2019 10:25 AM
Hidalgo County District Clerks
Reviewed By: Leslie Agado

CAUSE NO. C-1315-19-B

| | | |
|---|---|---|
| MARIO'S BANQUET CONFERENCE CENTER | § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| v. | § § | HIDALGO COUNTY, TEXAS |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY and SCOTT SCHWARZLOSE | § § § § | |
| *Defendants.* | § | 93ʳᴰ JUDICIAL DISTRICT |

### DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Westchester Surplus Lines Insurance Company ("Defendant") files this Answer to Plaintiff's Original Petition and respectfully shows the court as follows:

### I. General Denial

Without denying the existence and contents of the insurance policy in question, and while fully insisting upon each and every term, provision, condition, exclusion, and all paragraphs thereof, and to the extent consistent therewith, Defendant files this general denial in accordance with Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE and denies generally each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence in accordance with the laws of the State of Texas.

### II. Conditions Precedent Unsatisfied

Defendant specifically denies that conditions precedent to recovery have been met. As a result, this suit is premature and its filing may unnecessarily inflate the attorney's fees and expenses in connection with this suit.

### III. Preservation of Rights

Defendant preserves all of its rights under each policy at issue, specifically including the right to appraisal.

## IV. Policy Defenses

Defendant affirmatively asserts, for each policy made the basis of this lawsuit, the policy's terms, conditions, endorsements and exclusions as set forth in each policy, as those respective terms, conditions, endorsements and exclusions may bar, in whole or in part, Plaintiff's claims.

The relevant policy is incorporated herein by reference as if copied verbatim. The following policy provisions are a non-exhaustive list of the policy's terms, conditions, endorsements, and exclusions applicable to this claim:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

\*\*\*

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1. Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.**, and limited in **A.2.** Property Not Covered, if a Limit Of Insurance is shown in the Declarations for that type of property.

a. **Building,** meaning the building or structure described in the Declarations, including:
  (1) Completed additions;
  (2) Fixtures, including outdoor fixtures;
  (3) Permanently installed:
    (a) Machinery; and
    (b) Equipment;

\*\*\*

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

Electronically Filed
4/22/2019 10:25 AM
Hidalgo County District Clerks
Reviewed By: Leslie Agado

\*\*\*\*

2. **Appraisal**

    If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

    a. Pay its chosen appraiser; and
    b. Bear the other expenses of the appraisal and umpire equally.

    If there is an appraisal, we will still retain our right to deny the claim.

\*\*\*

## CAUSES OF LOSS – SPECIAL FORM

\*\*\*

A. **Covered Causes Of Loss**

   When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

B. **Exclusions**

   1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

\*\*\*

2. We will not pay for loss or damage caused by or resulting from any of the following:

\*\*\*

 **d.(1)** Wear and tear;

  (2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

  \*\*\*

  (6) Mechanical breakdown, including rupture or bursting caused by centrifugal force. But if mechanical breakdown results in elevator collision, we will pay for the loss or damage caused by that elevator collision.

  \*\*\*

 **f.** Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

  \*\*\*

 **m.** Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

  \*\*\*

**3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

  \*\*\*

c. Faulty, inadequate or defective:
   (1) Planning, zoning, development, surveying, siting;
   (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
   (3) Materials used in repair, construction, renovation or remodeling; or
   (4) Maintenance;

   of part or all of any property on or off the described premises.

   \*\*\*

C. Limitations

   The following limitations apply to all policy forms and endorsements, unless otherwise stated:

   1. We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

   \*\*\*

   c. The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
      (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or
      (2) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

   \*\*\*

Electronically Filed
4/22/2019 10:25 AM
Hidalgo County District Clerks
Reviewed By: Leslie Agado

# COSMETIC DAMAGE ROOF EXCLUSION

| Named Insured<br>Mario's Banquet Conference Center | | | Endorsement Number |
|---|---|---|---|
| Policy Symbol<br>FS | Policy Number<br>FSF13716742 001 | Policy Period<br>12-22-2017 To 12-22-2018 | Effective Date of Endorsement |
| Issued By (Name of Insurance Company)<br>Westchester Surplus Lines Insurance Company | | | |

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:**

**COMMERCIAL PROPERTY COVERAGE PART**

| Premises Number | Building Number |
|---|---|
| 1 | 1 |

(Information required to complete this Schedule, if not shown above, will be shown in the Declarations.)

The following applies with respect to loss or damage by **wind and/or hail** to a building or structure identified in the Schedule:

We will not pay for cosmetic damage to roof surfacing caused by wind and/or hail. For the purpose of this endorsement, cosmetic damage means that the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

For the purpose of this endorsement, roof surfacing refers to the shingles, tiles, cladding, metal or synthetic sheeting or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing.

All other terms and conditions remain unchanged.

\*\*\*

Electronically Filed
4/22/2019 10:25 AM
Hidalgo County District Clerks
Reviewed By: Leslie Agado

## PRE-EXISTING PROPERTY DAMAGE EXCLUSION

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Mario's Banquet Conference Center | | | |
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| FS | FSF13716742 001 | 12-22-2017 To 12-22-2018 | |
| Issued By (Name of Insurance Company) | | | |
| Westchester Surplus Lines Insurance Company | | | |

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:**

**PROPERTY COVERAGE PART**

**INLAND MARINE COVERAGE PART**

This policy excludes any loss or damage directly or indirectly caused by, resulting from or contributed to by any pre-existing property damage at the time of loss.

\*\*\*

## ACTUAL CASH VALUE ROOF LIMITATION FORM

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Mario's Banquet Conference Center | | | |
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| FS | FSF13716742 001 | 12-22-2017 To 12-22-2018 | |
| Issued By (Name of Insurance Company) | | | |
| Westchester Surplus Lines Insurance Company | | | |

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:**

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

| Premises Number | Building Number |
|---|---|
| | |

(Information required to complete this Schedule, if not shown above, will be shown in the Declarations.)

The following applies with respect to loss or damage by a **Covered Cause of Loss (including wind and hail if covered)** to a building or structure identified in the Schedule above:

Replacement Cost coverage (if otherwise applicable to such property) does not apply to roof surfacing. Instead, we will determine the value of roof surfacing at actual cash value as of the time of loss or damage.

### V. Offset, Credit, and Limitation of Liability

Pleading further for a separate and complete defense and in the alternative, pursuant to Rule 94 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant asserts the setoff, credit, limit of liability, and other insurance limitation provisions contained the TEXAS INSURANCE CODE and in each policy made the basis of this claim. Defendant is entitled to an offset or credit against Plaintiff's damages, if any, for monies previously paid under each policy at issue. Further, Defendant's liability, if any, is limited to the amount of the policy limits under each subject policy, pursuant to the "Loss Settlement" and other clauses regarding the limit of liability and payment for covered losses contained in each policy upon which Plaintiff brings this suit.

### VI. Failure to Mitigate

Pleading further for a separate and complete defense and in the alternative, Defendant avers that Plaintiff has failed to fully and properly mitigate its damages in accordance with law and with Plaintiff's duties under the policy.

### VII. Pre-Existing Damages

Pleading further for a separate and complete defense and in the alternative, Plaintiff's alleged damages pre-existed the incident complained of and/or were caused by a subsequent incident, all of which precludes any liability as to Defendant.

### VIII. Failure to Make Temporary Repairs

Pleading further for a separate and complete defense and in the alternative, Plaintiff's claim is barred in whole or in part because the sole proximate cause of some of the damages Plaintiff claims are Plaintiff's own inaction and negligence in failing to make temporary repairs or otherwise protecting the property after the initial loss.

### IX.     No Breach of Contract

Pleading further for a separate and complete defense and in the alternative, Plaintiff's causes of action are barred, either in whole or in part, because it has failed to state a claim upon which relief can be granted. Specifically, Plaintiff failed to describe any particular facts or circumstances supporting the alleged breach of the insurance contract(s) by Defendant.

### X.     Extra-Contractual Claims Barred

Pleading further for a separate and complete defense and in the alternative, Plaintiff's causes of action are further barred, either in whole or in part, because it has failed to state a claim upon which relief can be granted, with regard to Plaintiff's extra contractual claims.  Specifically, Plaintiff failed to describe particular facts or circumstances that transform alleged contractual claims into a cause of action for alleged violations of the TEXAS INSURANCE CODE or an alleged breach of good faith and fair dealing. Plaintiff failed to allege any specific conduct on the part of Defendant which would subject Defendant to liability under Chapters 541 and/or 542 of the TEXAS INSURANCE CODE or under the TEXAS DECEPTIVE TRADE PRACTICES ACT. Defendant specifically states it did not, knowingly or otherwise, make any false, fraudulent or negligent misrepresentations to Plaintiff.

### XI.     Bona Fide and Legitimate Disputes Exist

Pleading further for a separate and complete defense and in the alternative, bona fide and legitimate disputes exist precluding Plaintiff's recovery of damages under extra-contractual theories of liability pursuant to any statutory or common law authority.

### XII.     Acts or Omissions of Third Parties

Pleading further for a separate and complete defense and in the alternative, Plaintiff's damages, if any, were proximately caused by the acts or omissions of third parties over whom Defendant had no control or right to control and for whom Defendant had no responsibility.

### XIII.   Superseding /Intervening Cause

Pleading further for a separate and complete defense and in the alternative, the incident and resulting damages incurred by Plaintiff, if any, which Defendant specifically denies, were the result of a superseding and/or intervening cause or causes thereby precluding Plaintiff from recovering any damages against Defendant.

### XIV.   Limitation of Punitive Damages

Pleading further for a separate and complete defense and in the alternative, punitive damages awarded, if any, pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE §41.001, et. seq., are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Furthermore, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence. Defendant respectfully shows regarding any allegations of malice and exemplary or punitive damages as follows:

(a)   Defendant avers the proper clear and convincing burden of proof as to alleged punitive damages, and for the appropriate definition of gross negligence to be submitted to the trier of fact, and relies on other statutory limitations afforded to them;

(b)   Plaintiff's claims for malice and exemplary or punitive damages is arbitrary, unreasonable, excessive, and in violation of Defendant's rights to due process of law and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 1, Sections 13, 15, and 19 of the Texas Constitution;

(c)   Plaintiff's claims for malice and punitive or exemplary damages should be proved beyond a reasonable doubt;

(d)   That exemplary or punitive damages cannot be awarded against Defendant because, in part, Defendant will be placed twice in jeopardy for the same conduct in violation of the United States and Texas Constitutions;

(e) Plaintiff's claims for malice and exemplary or punitive damages violates the separation of powers doctrine, since the Court and/or jury would usurp the exclusive power of the Legislature to define crimes and establish punishment;

(f) Plaintiff's claims for malice and punitive or exemplary damages against Defendant should be determined only by Defendant's actual subjective conscious indifference, the existence of which is denied, and not by any objective conscious indifference;

(g) Plaintiff's claims for malice and exemplary or punitive damages must be assessed by the unanimous verdict of all jurors;

(h) Plaintiff's claims for malice and exemplary damages is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* and scope and limit of such awards, and therefore, the standard is unduly vague and does not meet the requirements of due process;

Defendant is subjected to all the hazards and risks of what amounts to a fine with respect to the Plaintiff's claims for malice and exemplary or punitive damages, but Defendant received none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

## XV.

Defendant hereby reserves all rights to plead further herein.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure 194, Defendant requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule I 94.2(a)-( 1).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant Westchester Surplus Lines Insurance Company respectfully requests judgment of the court as follows:

1. That the court render a take-nothing judgment against the Plaintiff;

2. That Defendant recover all costs together with such other specific and general relief, both at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**PREIS PLC**


_/s/ Frank A. Piccolo_
Frank A. Piccolo
State Bar No.: 24031227
fpiccolo@preisplc.com
Caroline Thomas Webb
State Bar No.: 24051497
cwebb@preisplc.com
Alasdair A. Roberts
State Bar No. 24068541
aroberts@preisplc.com
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Telephone:     (713) 355-6062
Facsimile:      (713) 572-9129
**COUNSEL FOR DEFENDANT**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this the 22nd day of April 2019, to all known counsel of record as follows:

Mr. Matthew R. Pearson
mpearson@gplawfirm.com
Jonathan C. Lisenby
jlisenby@gplawfirm.com
GRAVELY & PEARSON, LLP
425 Soledad, Suite 600
San Antonio, Texas 78205
*Attorneys for Plaintiff*


_/s/ Frank A. Piccolo_
Frank A. Piccolo